## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD ANTHONY GAROUTTE,
*Appellant.*

(C89-06-33122; CA A63457)

801 P2d 881

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Marianne Ghim, Certified Law Student, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of possession of a controlled substance. ORS 475.992(4). On appeal, he contends that the trial court erred in failing to suppress methamphetamine found by police during a search of the interior of the automobile that he was driving before he was taken into custody. We affirm.

Defendant used his roommate's car without permission. The roommate reported the car stolen, and the information then appeared on the police "hot sheet." Officer Hollins observed defendant driving the car and stopped it. Defendant was removed from the car, handcuffed and placed in Hollins' patrol car. After being given warnings, defendant told Hollins that the vehicle belonged to his roommate and that he had taken it without permission. Defendant also told Hollins that he had been "shooting crank" before the stop and that he would plead guilty to a charge of unauthorized use of a motor vehicle. The police searched the car and found, in the passenger area, hypodermic needles and a set of scales with a residue of methamphetamine. Defendant contends that "the search of the vehicle, and seizure of evidence therefrom was unreasonable under Article I, section 9, of the Oregon Constitution, because the search was not reasonably related to the reason for defendant's arrest, and the officers had no probable cause to believe the vehicle contained contraband or evidence of crime."[1]

In *State v. Tanner*, 304 Or 312, 315, 745 P2d 757 (1987), the court said:

> "Unlike the Fourth Amendment exclusionary rule, which has been predicated in recent years on deterrence of police misconduct, *see, e.g., United States v. Leon*, 468 US 897, 905-08, 104 S Ct 3405, 82 L Ed 2d 677 (1984), the exclusionary rule of section 9 is predicated on the personal right of a criminal defendant to be free from an 'unreasonable search, or seizure,' *State v. Davis*, 295 Or 227, 231-37, 666 P2d 802 (1983); *State v. Laundy*, 103 Or 443, 494, 204 P 958, 206 P 290 (1922) (adopting the former Fourth Amendment rationale expressed in such early United States Supreme Court cases as *Weeks v. United States*, 232 US 383, 34 S Ct 341, 58 L Ed 652 (1914)).

---

[1] Defendant makes no claim under the Fourth Amendment.

That is, the search or seizure must violate the defendant's section 9 rights before evidence obtained thereby [can] be suppressed; a defendant's section 9 rights are not violated merely by admitting evidence obtained in violation of section 9. The issue in this case thus is not whether the police violated section 9—that much is conceded—but whether the police violated defendant's section 9 rights." (Footnote omitted.)

Defendant does not challenge the lawfulness of the stop, his removal from the car or his admission to Hollins that he did not have permission to use the car. The car was taken, and the owner wanted it back. Once defendant was lawfully removed from the stolen car, any personal privacy right that he might have had as to its use and occupancy without the consent of the owner vanished. Therefore, when the interior of the car was searched, no personal right of defendant under section 9 was violated. The trial court was correct in refusing to suppress.

Affirmed.